**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA**,

      Plaintiff,

      v.                        CIVIL NO. 2:10CV00245

**WAYNE A. SHARRON**
1930 Farm Brook Circle South
Grove City, Ohio 43123

**BRENDA SHARRON**
1930 Farm Brook Circle South
Grove City, Ohio 43123

**JUDITH A. LOY**
2346 Sonora Drive, Apt. 204
Grove City, Ohio 43123

**UNKNOWN SPOUSE, IF ANY, OF
JUDITH A. LOY**
2346 Sonora Drive, Apt. 204
Grove City, Ohio 43123

**WILLIAM L. SHARRON**
1033 Harwood Drive
Columbus, Ohio 43228

**ANETTE SHARRON**
1033 Harwood Drive
Columbus, Ohio 43228

**UNKNOWN SPOUSE, HEIRS, DEVISEES,
LEGATEES, EXECUTORS, ADMINISTRATORS,
AND ASSIGNS, IF ANY, OF S. WAYNE SHARRON,
DECEASED AND DOROTHY SHARRON,
DECEASED, AKA: DOROTHY M. SHARRON,
DECEASED**

**TREASURER OF FRANKLIN COUNTY, OHIO**
373 South High Street, 17th Floor
Columbus, Ohio 43215

      Defendants.

## COMPLAINT

1.    Jurisdiction is founded upon 28 U.S.C. § 1345.

2.    On or about December 10, 1998, S. Wayne Sharron and Dorothy Sharron, aka: Dorothy M. Sharron, husband and wife, both of whom are now deceased, executed and delivered to Unity Mortgage Corp., DBA: The Reverse Mortgage Company, its successors and assigns, an Adjustable Rate Note (Home Equity Conversion) (hereinafter "Note"), attached hereto as Exhibit "1," fully incorporated and made a part hereof by this reference.  Under paragraph 2 of the Note, titled 'Borrower's Promise to Pay; Interest," S. Wayne Sharron and Dorothy Sharron, aka: Dorothy M. Sharron, husband and wife, agreed to the following:

    2.    BORROWER'S PROMISE TO PAY; INTEREST

> In return for amounts to be advanced by Lender to or for the benefit of Borrower under the terms of a Home Equity Conversion Loan Agreement dated December 10, 1998 ("Loan Agreement"), Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest.  All amounts advanced by Lender, plus interest, if not paid earlier, are due and payable on September 18, 2070.  Interest will be charged on unpaid principal at the rate of FIVE AND 660/1000 PERCENT (5.6600%) per year until the full amount of principal has been paid.  The interest rate may change in accordance with Paragraph 5 of this Note.  Accrued interest shall be added to the principal balance as a Loan Advance at the end of each month.

3.    Prior to the execution of the note and mortgage, S. Wayne Sharron and Dorothy Sharron, AKA: Dorothy M. Sharron, according to the dictates of the program set forth herein, were duly advised and counseled regarding the United States' Home Equity Conversion Mortgage

-2-

("HECM") loan program, which program is regulated and set forth in 24 C.F.R. Part 206, et seq. and all subsequent handbooks (4330.1 REV-5), mortgage letters, etc. as set forth by the Secretary of the Department of Housing and Urban Development.  The purpose of this program is set forth in 24 C.F.R. § 206.1, and as "... set out in Section 255(a) of the National Housing Act, Public Law 73 - 479, 48 STAT. 1246 (12 U.S.C. § 1715z-20)"; being further regulated by handbook 4330.01 Rev. 5 and all subsequent mortgage letters as issued and set forth by the Secretary of the Department of Housing and Urban Development.

4. Simultaneously with the execution and delivery of the Note, and in order to secure the payment of said Note, S. Wayne Sharron and Dorothy Sharron, AKA: Dorothy M. Sharron executed and delivered to Unity Mortgage Corp. DBA: The Reverse Mortgage Company, an Adjustable Rate Open-End Home Equity Conversion Mortgage ("Mortgage").  Said Mortgage was duly recorded on December 14, 1998 as Instrument No. 199812140321886 and re-recorded on February 3, 1999 as Instrument No. 199902030028238, Recorder's Office, Franklin County, Ohio. The mortgage and re-recorded mortgage are attached hereto as Exhibits 2 and 3.

5. The United States of America, acting through the Secretary of Housing and Urban Development is the owner and holder of said note by virtue of an assignment from Unity Mortgage Corp. DBA: The Reverse Mortgage Company to Financial Freedom Senior Funding Corporation, filed for record on December 21, 2004 as Instrument No. 200412210287846, and an assignment from Financial Freedom Senior Funding Corporation, a Delaware Corporation to The Secretary of Housing and Urban Development recorded on April 23, 2007 as Instrument No. 200704230069823, Recorder's Office, Franklin County, Ohio, attached hereto as Exhibits 4 and 5.

6. Dorothy Sharron, AKA: Dorothy M. Sharron died on April 20, 2003.  A probate

estate was opened on May 6, 2003 by the filing of an Application to Relieve Estate from Administration in the Probate Court of Franklin County, Ohio under Case Number 495135 for Dorothy M. Sharron, Deceased.  The case has been relieved from estate of administration with will and closed on June 10, 2003.

      7.      S. Wayne Sharron died on May 3, 2009.  A probate estate was opened on May 13, 2009 by the filing of an Application to Relieve Estate from Administration in the Probate Court of Franklin County, Ohio under Case Number 535125 for S. Wayne Sharon, Deceased.  The case has been relieved from estate of administration with will and closed on May 13, 2009.

      8.      Under the terms of Paragraph 7 of the Note and Paragraph 9 of the Mortgage, payment in full was required on the date of death of S. Wayne Sharon.  Consistent with said terms and default, full and immediate payment is due and demanded.  Said mortgage has become absolute and the United States is entitled to a foreclosure of the same and the equity of redemption therein.

      9.      The following sums are due to the United States of America, acting through the Secretary of Housing and Urban Development on the mortgage indebtedness of S. Wayne Sharon and Dorothy Sharon, A.K.A.: Dorothy M. Sharon, Deceased:

| | | |
|---|---|---|
| (A) | Unpaid principal | $ 77,885.16 |
| (B) | Interest accrued in accordance with adjustable rate note/mortgage: initial signing rate of 5.6600% per annum and adjustable every year thereafter | $ 30,442.80 |
| (C) | M.P. advances for tax payments & insurance set forth in 24 C.F.R. §§ 206.27 & 206.103, et seq. and HUD handbook 4330.1 (13-14), et seq. | $ 5,708.88 |

(D)    Service Fee    $ 4,080.00
set forth in HUD handbook 4330.1 (13-15)

TOTAL (as of March 31, 2010)    $118,116.84

10.    As of March 31, 2010, there is a total amount of $118,116.84 due and owing to Plaintiff (See Statement of Account, attached hereto as Exhibit 6.)

11.    Defendant Wayne A. Sharon, by virtue of being the son of S. Wayne Sharon, Deceased and Dorothy Sharon, Deceased, A.K.A.: Dorothy M. Sharon, Deceased, has or may claim to have an interest in the real property described in Exhibit 2.

12.    Defendant, Brenda Sharon, has or may claim to have an interest in the real property described in Exhibit 2 by virtue of her marriage to defendant Wayne A. Sharon.

13.    Defendant, Judith A. Loy, by virtue of being the daughter of S. Wayne Sharon, Deceased and Dorothy Sharon, Deceased, A.K.A.: Dorothy M. Sharon, Deceased, has or may claim to have an interest in the real property described in Exhibit 2.

14.    Defendant, Unknown Spouse, if any, of Judith A. Loy, has or may claim to have an interest in the real property described in Exhibit 2 by virtue of his marriage to defendant Judith A. Loy.

15.    Defendant, William L. Sharon, by virtue of being the son of S. Wayne Sharon, Deceased and Dorothy Sharon, Deceased, A.K.A.: Dorothy M. Sharon, Deceased, has or may claim to have an interest in the real property described in Exhibit 2.

16.    Defendant, Anette Sharon, has or may claim to have an interest in the real property described in Exhibit 2 by virtue of her marriage to defendant William L. Sharon.

17.	Defendants, Unknown Spouse, Heirs, Devisees, Legatees, Executors, Administrators, and Assigns, if any, of S. Wayne Sharon, Deceased and Dorothy Sharon, Deceased, A.K.A.: Dorothy M. Sharon, Deceased have or may claim to have an interest in the real property described in Exhibit 2.

18.	The defendant, Treasurer of Franklin County, Ohio, has or may claim some lien or interest in said mortgaged premises by reason of unpaid real estate taxes or assessments thereon pertaining to Parcel No. 010-124761-00.

WHEREFORE, the United States of America prays:

a.	That the Court find there is due and owing to the United States of America on the mortgage indebtedness of S. Wayne Sharon, Deceased and Dorothy Sharon, Deceased, A.K.A.: Dorothy M. Sharon, Deceased as of March 31, 2010, for the principal sum of $77,885.16, plus taxes/insurance advances for the sum of $5,708.88, plus administrative and service fees for the sum of $4,080.00, plus interest as of this date for the sum of $30,442.80, for a total sum due and owing to the United States of America of $118,116.84, as of March 31, 2010; together with interest accruing at the rate of $6.50 per day from March 31, 2010, to the date of judgment, plus interest thereafter at the legal rate for judgments provided by 28 U.S.C.A. § 1961, plus all costs, disbursements and expenses until the date of sale.  (See current Statement of Account attached hereto as Exhibit 6.)

b.	That the Court find said mortgage of the United States of America is a good, valid and subsisting lien against the real property described in said mortgage;

c.	That the Court find the United States of America is entitled to the foreclosure of said mortgage and the equity of redemption therein;

  d. That defendants herein named be required to establish their respective claims and liens, if any, pertaining to the real property described in Exhibit 2, or be forever barred from asserting the same;

  e. For an order foreclosing the mortgage and equity of redemption as set forth herein, determining the validity of all other claims and liens against the mortgaged premises, and subjecting the mortgaged premises to sale free and clear of the liens and claims of the parties to this action, for the purpose of satisfying the claim of the United States of America;

  f. That the priority of liens against the real property be determined by the Court, and the proceeds of sale of said real property, after proper court costs, be distributed among the owners and holders of liens against said real property in their order of priority as determined by the Court; and

  g. For all further and proper relief, both legal and equitable, to which the parties hereto may be entitled.

            Respectfully submitted,

            CARTER M. STEWART
            United States Attorney


            s/Bethany J. Hamilton
            BETHANY J. HAMILTON (0075139)
            Assistant United States Attorney
            Attorney for Plaintiff
            303 Marconi Boulevard, Suite 200
            Columbus, Ohio 43215
            Telephone: (614) 469-5715
            Facsimile: (614) 469-5240
            E-mail: bethany.hamilton@usdoj.gov